Parker, C. J.
The question to be determined in * this action is, whether the demand, which is the subject of it, is barred by the certificate of discharge which the *229 defendant obtained under the insolvent law of the state of New York, passed the 3d of April, 1811, and the act supplementary to that act; both which have been produced in the case.-
By the first act, the certificate is to be a discharge of all debts due at the time of the assignment, and contracted for before that time, although payable afterwards; and it is provided that, if the insolvent debtor be sued, he shall be acquitted of all debts due at the time of the discharge, or contracted for before and payable after-wards. Probably it was contemplated that the discharge would be given at the same time, or immediately after the assignment should be made; and the object of the legislature must be considered to have been to provide for the discharge of debts actually due, on which the time of payment had not arrived.
The provision of the supplementary act applies only to the case of debts becoming due after the discharge, on account of liabilities incurred at any time before, on certain undertakings expressed in the act. This latter provision is inserted in an act entitled, “ An Act extending the time for the remission and commutation of certain quitrents, and for other purposes ” —a title which would not directly indicate any provision for the relief of insolvent debtors.
Upon reflection, we are satisfied that the demand sued for in this action does not come within either of the acts above referred to; and perhaps we ought to suppose that the defendant did not originally intend to discharge himself of this demand under his certificate ; for, if that had been his intention, common justice, and his duty as required by the act, demanded that he should have represented this as a debt before his effects were divided, that this creditor, whose debt, if it existed at all, was as much a debt of honor as any one could be, might have received some portion of those effects. But the defendant made no such representation, and justly, because, upon legal principles, he could not be considered * debtor, until a subsequent period, when he should be called to account for the money received by him for the plaintiff.
The money received by the defendant was received from an insurance company in New York, in February, 1812, by virtue of authority from the plaintiff. In receiving it, the defendant was merely agent of the plaintiff, he being absent at sea when the money became due. No demand appears to have been made upon the defendant until the commencement of this suit; so that he was not a debtor to the plaintiff until that time. For aught that appears, the defendant may have deposited this money for the plaintiff, or separated it from his own money and property, without converting *230 it to his own use; and if such had been the case, it would not have been considered as part of his effects, to be distributed among his creditors.
, In this view, the defendant acted honestly and fairly, in not considering himself a debtor to the plaintiff for money which he had received for him, and which he held as his; and his subsequent determination to avail himself of his certificate, to avoid the plaintiff’s demand, cannot avail him. There was no debt due before the discharge, which could be affected by the principal act; nor was there any such liability as is provided for in the supplementary act; so that the certificate cannot operate in this action, and the plaintiff must have judgment.